IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CLARE M. HOFFMAN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:24-CV-2459-L-BW** |
| | § | |
| **BELL TEXTRON INC.,** | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

On May 1, 2026, the Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 35) was entered, recommending that the court grant the Motion for Summary Judgment ("Motion") (Doc. 26) filed by Defendant Bell Textron Inc. ("Defendant" or "Bell") and dismiss with prejudice this action and all claims asserted by Plaintiff Clare M. Hoffman ("Plaintiff" or "Ms. Hoffman") for sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964. With respect to these claims, Plaintiff alleges that she was subjected to sex-based harassment, including derogatory comments about her appearance, hostile work environment, and retaliation for reporting the conduct. She also alleges that she was terminated as a result of engaging in protected activities.  As Plaintiff did not respond to Defendant's Motion and her pleadings are not verified, the magistrate judge accepted as undisputed Defendant's facts and evidence and concluded that Defendant was entitled to judgment as a matter of law on all of Plaintiff's claims.  For the reasons that follow, the court **accepts** the magistrate judge's Report (Doc. 35) and **grants** Defendant's Motion (Doc. 26).

**Order – Page 1**

## I.      The Magistrate Judge's Determinations

As to Plaintiff's sex discrimination claim based on disparate treatment, the magistrate judge determined that the claim fails as a matter of law because: (1) Ms. Hoffman failed to exhaust her administrative remedies: (2) her allegations of discriminatory actions before October 4, 2022, are time-barred; and (3) she has not established a prima facie case of discrimination (that she was terminated because of her sex).

The magistrate judge further determined that Plaintiff's hostile work environment claim based on sexual harassment claim fails because: (1) she failed to come forward with evidence that a tangible employment action was taken against her because of her sex; and (2) she failed to identify any evidence that supports her hostile work environment claim.  Regarding the latter, the magistrate judge notes that Ms. Hoffman failed to come forward with: (1) evidence of harassing conduct or inappropriate touching; (2) evidence that the alleged harassment was based on her sex; and (3) evidence that the alleged harassment was sufficiently severe or pervasive.

Finally, with respect to Plaintiff's retaliation claim, the magistrate determined that Ms. Hoffman failed to establish any of the elements of a prima facie case of retaliation, and Bell produced evidence of legitimate business reasons for terminating her employment, which were not rebutted by Ms. Hoffman.

## II.     Plaintiff's Objections to the Report

In response to the Report, Plaintiff, who is proceeding pro se after the withdrawal of her counsel, filed sixteen pages of objections (Doc. 36) in which she alleges that she has been unsuccessful in obtaining help from local and federal law enforcement regarding this employment matter. Plaintiff further asserts that her 350-page file with the Equal Opportunity Employment Commission or EEOC and the transcript of her seven-hour deposition contain evidence, and

Order – Page 2

opposing counsel does not dispute that Plaintiff's former counsel provided her with a discovery packet before Plaintiff's deposition.   In addition, Plaintiff accuses her former counsel of committing fraud; claims that opposing counsel is harassing her and covering up Bell's criminal conduct; and asserts that the mediator attempted to poison her with the lunch provided, attempted to hack her laptop by suggesting that she use the mediator's WIFI to upload documents, and pressured her to settle. Plaintiff then goes on to summarize the evidence that she believes supports her claims.

There are a few problems with Plaintiff's objections to the Report.  First, they are not sworn or supported by evidence.  Plaintiff asserts that there is abundant evidence in her EEOC filed, the transcript of her deposition, and the discovery packet provided by her former counsel to opposing counsel before her deposition.  Plaintiff, however, failed to come forward with any such evidence in response to Defendant's Motion before the magistrate judge issued his report, and she provides no explanation for such failure.  Plaintiff apparently had no difficulty in filing sixteen pages of objections in timely fashion to the Report, so it is unclear why she chose not to respond to Defendant's Motion.

Second, as the magistrate judge correctly notes, Plaintiff is relegated to her unsworn pleadings, which do not constitute summary judgment evidence, and the court is permitted to accept Defendant's evidence as undisputed in ruling on its Motion as a result of her failure to respond to the Motion. Doc. 35 at 20 (citing *Bustos v. Martini Club Inc.*, 599 F.3d 458, 468-69 (5th Cir. 2010), for the conclusion that, although "a district court may not grant a motion for summary judgment merely because it is unopposed[,] . . . [t]he defendants submitted competent summary judgment evidence showing that there were no genuine issues of fact for trial," and the plaintiff "did not respond to the motion for summary judgment in the district court and therefore

Order – Page 3

failed to carry his burden of showing that material factual issues existed" such that the plaintiff "cannot now assert that the district court's reliance on defendants' uncontested evidence was improper").

Moreover, arguments or "[i]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge" and are considered waived or forfeited. *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001); *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 369 (5th Cir. 2024) ("True enough, this court considers arguments forfeited if they are not raised before a magistrate judge, even if they are subsequently raised before the reviewing district court in objections to the magistrate judge's report and recommendation.") (citations omitted); *see also Jones v. City of Dallas, Texas*, No. 24-10803, 2025 WL 2491127, at *5 (5th Cir. Aug. 29, 2025) ("For example, when a party fails to present an argument to the magistrate judge, receives an adverse recommendation from the magistrate judge on the issue, and then seeks to raise an argument for the first time through an objection, the argument is forfeited altogether from further consideration, even on appeal.") (citations omitted).

Plaintiff, therefore, waived or forfeited the arguments now asserted in her objections by failing to present them in the first instance to the magistrate judge. *See id*. Even if Plaintiff had made such arguments in response to Defendant's Motion before issuance of the magistrate judge's Report, they would not have been sufficient to raise a genuine dispute of material fact with respect to any of the elements of her claims because, as noted, they are not supported by evidence. Consequently, the magistrate judge correctly determined that Bell is entitled to judgment as a matter of law on all claims asserted by Ms. Hoffman.

**Order – Page 4**

**III.    Conclusion**

For all of the foregoing reasons, the court, after considering the Motion for Summary Judgment, file, record in this case, and Report, and having conducting a de novo review of the portions of the Report to which objection was made by Plaintiff, determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court. Accordingly, the court **overrules** Plaintiff's objections (Doc. 36); **grants** Defendant's Motion for Summary Judgment (Doc. 26); and **dismisses with prejudice** Plaintiff's claims for sex discrimination, retaliation, and hostile work environment under Title VII.  In accordance with Rule 58 of the Federal Rules of Civil Procedure, judgment will issue by separate document.

**It is so ordered** this 18th day of May, 2026.

Sam A. Lindsay
United States District Judge